to him in his bill? And if the patentee seeks for an injunction on the ground of an infringement, and states nothing about a contract which authorized the use, and such a contract by the answer appears, he must, by the rules and decisions of the supreme court of the United States, amend his bill before he can be allowed to impeach the contract, or go out of court. See the case of Piatt v. Vattier, 9 Pet. [34 U. S.] 415, 416, and the 45th of the equity rules of the supreme court.

If in a court of equity an absolute injunction would be refused upon a bill praying for an injunction, on the ground that the defendant had not performed the conditions of his contract, which authorized the use of a machine, but would allow the use upon the future fulfillment of his contract, and only a conditional injunction would be granted, is not this a good reason why a verdict, founded upon such a forfeiture, should not be considered as a sufficient reason to induce a court of equity to grant an absolute injunction? Having the whole case before me upon the evidence upon which it was tried at law, if I am not satisfied with the verdict, or if it presents a case in which in equity an absolute injunction should not be granted, then I ought not to grant it. It is true, these defendants are not parties to these agreements of September 5, 1850, and November 12, 1851, but I was of the opinion that under their agreement with the Shoe Associates and Judson, since the extension, the Shoe Associates having the exclusive right to use the Chaffee patent for the manufacture of boots and shoes, under the contract with Goodyear, previous to the extension, and under the agreement between Judson and Chaffee, since the extension, that the defendants had a right to use it in the manufacture of boots and shoes under the Shoe Associates, and by their license, to participate in their monopoly. But whether this be correct or not, the plaintiff has no right to recover in this case if the agreements between Judson and Chaffee are still subsisting. If, therefore, the evidence in the case at law, presents a case in which in equity an absolute injunction would not be granted, if the case had been properly presented there, then in this case such an injunction ought not to be granted, and the plaintiff should not derive any benefit from the fact that he has not chosen to state anything, in his bill, in relation to the agreements between Chaffee and Judson.

If on July 1, 1853, Chaffee had applied to a court of equity for an injunction against any of the licensees of Goodyear, who were using his patent under the agreement between Chaffee and Judson, on the ground of the non-payment of the sums stipulated to be paid him for such use, then he would have obtained an order for an injunction, unless payment of the amount in arrear was made, and the future payments continued, but the contract would have been held a subsisting contract and the rights of all parties under it preserved under such payment.

Mr. Chaffee did not choose to take this course. Acting by the advice of counsel, he treated this contract as forfeited at law for non-payment, he revoked it for non-payment, and sold and conveyed his patent to the plaintiff. It is admitted that the plaintiff has no more right under this conveyance than Chaffee had when he conveyed it; the plaintiff stands in the shoes of Chaffee. Is it in the power of Chaffee to vary his own rights, or the rights of Goodyear and his licensees under this agreement, in a court of equity, by making a revocation and a conveyance to the plaintiff, who frames his bill so as to treat the licensees of Goodyear as common infringers, and thus endeavors to obtain an absolute injunction against them; when, if Chaffee, or the plaintiff, had come into a court of equity, and had stated, in his bill, the whole case under this agreement, such an order would have been made as might have preserved the rights of all the parties under the contract, and insured its future performance? If a court of equity shall consider that this revocation ought not to have been made, and the contract treated as utterly void, then it will give no effect to the revocation, and the court, if it can not grant such an injunction under the bill, as, upon a performance in future, may preserve the rights of all the parties, it will at least refuse to grant an absolute injunction.

Whether, therefore, I consider the evidence and the law of this case in regard to the legal rights of the parties, or the relief which ought to be granted upon the proper presentation of such a case in equity, as the evidence on the trial at law presented, I can not grant the unconditional injunction which is asked for in this case. The motion of the plaintiff is denied, but without costs.

[NOTE. For other cases involving this patent, see note to Day v. Union India-Rubber Co., Case No. 3,691.]

DAY (KENTUCKY SILVER MIN. CO. v.). See Case No. 7,719.

## Case No. 3,684.

### DAY v. LYONS.

[Cited in Law, Dig. 549, as following Day v. Stellman, Case No. 3,6 0. Nowhere reported; opinion not now accessible.]

## Case No. 3,685.

### DAY v. NEWARK INDIA–RUBBER MANUF'G CO.

[1 Blatchf. 628;[1] 1 Fish. Pat. Rep. 394.]

Circuit Court, S. D. New York. Oct. Term, 1850.

FEDERAL COURTS—JURISDICTION IN PATENT CASES —TERRITORIAL LIMITS — HABITAT OF CORPORATION—FOREIGN ATTACHMENT—STATE PRACTICE.

1. Although the circuit courts of the United States have jurisdiction of all cases at law and

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]